UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WAYNE JONES, | Case No. 1:25-cv-00763-HBK |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION, RECHARACTERIZING HABEAS PETITION, AND TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA |
| v. | |
| JANINE WALLACE, | |
| Respondent. | (Doc. No. 5) |

      On June 23, 2025, Petitioner Charles Wayne Jones, a civil detainee at Coalinga State Hospital, initiated this action by filing a petition for writ of habeas corpus using the standard form for petitions filed under 28 U.S.C. § 2241. (Doc. No. 1). The Court conducted a preliminary review of the petition and, because it did not plainly appear that Petitioner was not entitled to relief, the Court ordered Respondent to file a response to the petition. (Doc. No. 4). In conducting this screening, the Court characterized the petition as being filed under 28 U.S.C. § 22454. (*Id.*).

      On September 18, 2025, Petitioner filed a "Notice of Objection and Motion for Restoration of Filing Protocol," challenging the Court's characterization of the petition as being brought under § 2254 rather than § 2241. (Doc. No. 5). Petitioner asserts that "§2254 assumes a valid criminal judgment which is not present in this case" and his petition is properly brought

under § 2241 because his "current confinement is not supported by any valid custody order." (*Id.* at 2).

## I.     The Petition must be characterized as one under 28 U.S.C. § 2254.

The general authority of federal courts to grant a writ of habeas corpus is set forth in 28 U.S.C. § 2241(c)(3), which provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  However, 28 U.S.C. § 2254(a) provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Thus, the "general grant of jurisdiction" set out in § 2241 is implemented and limited by § 2254. *Gouveia v. Espinda*, 926 F.3d 1102, 1109 (9th Cir. 2019); *see Dominguez v. Kernan*, 906 F.3d 1127, 1129 (9th Cir. 2018) ("Section 2254 limits the general grant of habeas authority under 28 U.S.C. § 2241 by placing additional obstacles in the path of a person seeking habeas relief when he is 'in custody pursuant to the judgment of a State court.'").  "Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *Dominguez*, 906 F.3d at 1135.

Here, Petitioner is challenging his civil commitment under California's Sexually Violent Predator Act ("SVPA"). (Doc. No. 1 at 2).  Petitioner identifies proceedings in the Los Angeles County Superior Court as the basis for his confinement. (*Id.*).  Thus, it is clear from the face of his petition that Petitioner is "in custody pursuant to a judgment of a State court" such that his petition is properly considered under § 2254.  It is immaterial that Petitioner's confinement is pursuant to a civil judgment rather than a criminal conviction. *See Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994) ("Like criminal incarceration, involuntary commitment satisfies § 2254's custody requirement.").  In fact, the Ninth Circuit has repeatedly affirmed decisions addressing challenges to judgments under the SVPA raised in § 2254 petitions. *See Seeboth v. Allenby*, 789 F.3d 1099, 1103 (9th Cir. 2015); *Felix v. Hennessey*, 616 F. App'x 862, 863 (9th Cir. 2015);

*Jackson v. California Dept. of Mental Health*, 318 F. App'x 582, 585 (9th Cir. 2009).

This is not a situation where Petitioner filed his petition while the civil commitment proceedings were ongoing, such that the initial filing under § 2241 would be appropriate. *See Yahn v. King*, No. C-13-955 EMC (pr), 2015 WL 1814313, at *1 (N.D. Cal. Apr. 21, 2015) (petition filed while civil commitment proceedings under the SVPA were ongoing was properly filed under § 2241 but subsequently recharacterized as a petition under § 2254 after a judgment of commitment was entered). To the extent Petitioner asserts there is no *valid* judgment, the question of whether the judgment is valid goes to the merits of Petitioner's claims, not whether he is in custody pursuant to a state court judgment. Because Petitioner's confinement is pursuant to a state court judgment, his petition must be considered under § 2254.[1] Accordingly, recharacterization of the petition is appropriate.

## II.     Transfer to the district of judgment is appropriate.

Having concluded the petition is properly considered under § 2254, the Court now addresses the appropriate venue where the claims raised in the Petition should be considered. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). While the statute references "conviction and sentencing," California federal courts considering habeas petitions challenging SVPA proceedings have found venue proper in the district where "the judgment of commitment" was entered. *See Abraham v. Black*, No. 19-cv-02858-EMC, 2020 WL 2128808, at *5 (N.D. Cal. May 5, 2020); *Yahn v. King*, No. C-13-0855 EMC (pr), 2016 WL 69899, at *5 (N.D. Cal. Jan. 6, 2016);

Although Petitioner is currently confined in the Coalinga State Hospital located in Fresno County, California, which is within the Eastern District of California, such that venue is proper in the Eastern District, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Federal courts in California generally hear petitions for writ

---

[1] Any other conclusion would allow any person confined pursuant to a state court judgment to circumvent § 2254 (and its more stringent standard of review) by simply asserting that a judgment is not valid.

of habeas corpus in the district of conviction. *Favor v. California*, No. 116-CV-01912-DAD-EPG-HC, 2017 WL 2671006, at *1 (E.D. Cal. June 21, 2017) (citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968)). Here, the judgment of commitment was entered in Los Angeles County, which is in the Central District of California, Western Division. 28 U.S.C. § 84(c)(2). Thus, the Court finds in is discretion "and in the furtherance of justice" the petition should be transferred to the Central District of California. 28 U.S.C. §§ 1404(a), 2241(d).

Accordingly, it is **ORDERED**:

1. Petitioner's Objection and Motion for Restoration of Filing Protocol (Doc. No. 5) is DENIED.
2. The petition for writ of habeas corpus (Doc. No. 1) is **RECHARACTERIZED** as being filed under 28 U.S.C. § 2254.
3. The Clerk of Court shall transfer this action to the United States District Court for the Central District of California, Western Division.
4. The previously set deadlines (Doc. No. 4) are **VACATED** to be reset by the transferee court as deemed appropriate.

Dated:   September 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4